IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Docket #2:05-cr-00043 |
| | : | |
| SOK NOU | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2017, upon consideration of Defendant's Motion for Early Termination of Supervised Release, and the government response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**. The defendant's term of supervised release is hereby **TERMINATED**.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Docket #2:05-cr-00043 |
| | : | |
| **SOK NOU** | : | |

**DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant, Sok Nou (hereinafter "Mr. Nou"), by and through his undersigned counsel, respectfully moves the Court to terminate his supervised release pursuant to 18 U.S.C. § 3583(e). As grounds, it is averred:

1. On or about December 28, 2004, Mr. Nou pleaded guilty to one count of POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE ("CRACK") in violation of 21 U.S.C. SEC. 841(a)(1) AND 841(b)(1)(A)(iii) and one count of - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE ("CRACK") WITHIN 1,000 FEET OF A SCHOOL in violation of 21 U.S.C. SEC. 860(a).

2. On July 29, 2005, Mr. Nou was sentenced before the Honorable Mary A. McLaughlin to a term of 168 months incarceration to be followed by a ten-year period of supervised release. Mr. Nou was ordered to pay a $1,500 in fines and a $100 special assessment fee.

3. On January 5, 2012, under the sentence reduction pursuant to the 18 USC 3582(c)(2) Amendment, Mr. Nou was resentenced by the Honorable Mary A. McLaughlin to a reduced term of 120 months incarceration, all other conditions to remain.

4. Mr. Nou began supervised release in December 2014.

5.  Mr. Nou has had no new arrests or any violations of supervision.

6. Mr. Nou has complied with all court requirements.

7. Mr. Nou would like to pursue a career in real estate and would like to be able to travel.

8. The defense respectfully requests that his supervised release be terminated.

9. The Court has authority to terminate supervision after one year pursuant to 18 U.S.C. § 3583(e)(1), which permits a court to:

> "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."
> In making this determination, the court is directed to consider the factors set forth in 18 U.S.C. §3553(a), to the extent they are applicable.

10. In light of the sentencing purposes for which the term of supervised release was imposed, the interests of justice are better served by *not* requiring Mr. Smart to complete the remaining term of supervised release imposed on him.

**WHEREFORE**, for the reasons cited above and in the interests of justice, defendant Carlo Smart respectfully moves this Court for an order terminating his supervised release.

Respectfully submitted,

*/s/ Robert Gamburg, Esquire*
**ROBERT M. GAMBURG, ESQUIRE**
1500 Walnut Street
22nd Floor
Philadelphia, PA 19102
(215) 567-1486 phone
(215) 940-6661 facsimile

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on July 28, 2017 a true and correct copy of the within motion in the herein matter was served on the following person, via first class mail, and/or electronic filing, as follows:

        U.S. Attorney's Office
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106

        */s/ Robert Gamburg, Esquire*
        **ROBERT M. GAMBURG, ESQUIRE**
        1500 Walnut Street
        22nd Floor
        Philadelphia, PA 19102
        (215) 567-1486 phone
        (215) 940-6661 facsimile